No. 91,297

In the Matter of DAVID L. POLSLEY, *Respondent*.

(85 P.3d 693)

Opinion filed March 19, 2004.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*David L. Polsley*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against David L. Polsley, of Ottawa, an attorney admitted to the practice of law in Kansas.

The complaint filed against the Respondent alleged that the Respondent violated KRPC 8.4(b) (2003 Kan. Ct. R. Annot. 464) (misconduct). A disciplinary panel of the Kansas Board for the Discipline of Attorneys conducted a formal hearing as required by Kansas Supreme Court Rule 211 (2003 Kan. Ct. R. Annot. 264). The office of the Disciplinary Administrator appeared by and through Stanton A. Hazlett, Disciplinary Administrator. The Respondent appeared pro se and files no exceptions to the disciplinary panel's final hearing report.

The final hearing report of the panel makes the following findings of fact, conclusions of law and recommendations to this court:

### "FINDINGS OF FACT

"1. David L. Polsley (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 11104. His last registration address with the Clerk of the Appellate Courts of Kansas is Spring Hill, Kansas. At the hearing on this matter, the Respondent testified that his current address is Ottawa, Kansas. The Respondent was admitted to the practice of law in the state of Kansas on October 2, 1981. (On October 7, 2002, the Kansas Supreme Court suspended the Respondent's license to practice law for failing to pay the Annual Registration fee, for failing to pay the annual Kansas Continuing Legal Education Commission fee, and for failing to comply with the annual requirements of the Kansas Continuing Legal Education Commission. To date, the Respondent has taken no action to reinstate his license. As such, the Respondent's license remains suspended.)

"2. The Respondent is married to Kathryn S. Polsley. Mrs. Polsley is also an attorney at law, Kansas Attorney Registration No. 10370.

"3. In 1998, the Mrs. Polsley's mother, Lois Ann Simpson, became seriously ill. In January, 1999, Mrs. Simpson was released from a hospital to her home. Mrs. Simpson's condition required twenty-four hour care. The Respondent, Mrs. Polsley, and their four children moved into Mrs. Simpson's house. From January, 1999, and continuing until Mrs. Simpson's death on July 3, 2000, the Respondent and Mrs. Polsley provided the care that Mrs. Simpson needed.

"4. Prior to her death, Mrs. Simpson had been receiving benefits from the Social Security Administration. The Social Security Administration benefits were paid by direct deposit into a trust set up for the benefit of Mrs. Simpson. Mrs. Polsley was the trustee of the trust.

"5. Following Mrs. Simpson's death, the Respondent and Mrs. Polsley notified the Social Security Administration that Mrs. Simpson had died. However, the Social Security Administration continued to directly deposit benefit checks into Mrs. Simpson's trust. The Respondent and Mrs. Polsley knew that the funds had been deposited in error.

"6. After Mrs. Simpson's death, the Respondent and Mrs. Polsley used funds from Mrs. Simpson's trust, including the Social Security benefits, to meet their personal obligations. One of the checks written on Mrs. Simpson's account, after her death, was made payable to the Respondent. The Respondent negotiated that check and converted the funds to his own use.

"7. On November 14, 2002, the United States government charged the Respondent in a fifteen (15) count indictment with having violated 42 U.S.C. § 408(a)(4), 18 U.S.C. § 2, and 18 U.S.C. § 641. The indictment alleged that the Respondent committed the offense of theft of government property. On February 5, 2003, the government filed a superseding indictment with the same charges.

"8. On April 9, 2003, the Respondent entered into a Plea Agreement with the government. According to the Plea Agreement, the Respondent agreed to enter a plea of guilty to Count 2 of the superseding indictment, charging him with violating 18 U.S.C. § 641 and 2 U.S.C. § 2, theft of government property, a misdemeanor. The Respondent filed a Petition to Enter Plea of Guilty. In that document, the Respondent admitted that he knowingly and willfully converted government property to his own use.

"9. Pursuant to the Plea Agreement, on April 9, 2003, the Respondent entered a plea of guilty to Count 2 of the indictment. Thereafter, on August 18, 2003, the Court sentenced the Respondent to home detention for three (3) months, perform 100 hours of community service work, and probation for three (3) years."

## "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4(b), as detailed below.

"2. 'It is professional misconduct for a lawyer to: . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b).

"3. Kan. Sup. Ct. R. 202 provides that

'A certificate of a conviction of an attorney for any crime or of a civil judgment based on clear and convincing evidence shall be conclusive evidence of the commission of that crime or civil wrong in any disciplinary proceeding instituted against said attorney based upon the conviction or judgment.'

"4. On April 9, 2003, the Respondent was convicted of theft of government property, a crime that reflects adversely on his honesty and trustworthiness. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 8.4(b).

## "RECOMMENDATION

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the public to maintain personal integrity.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused damage to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on two occasions. In 1999, the Disciplinary Administrator informally admonished the Respondent for having violated KRPC 4.2. Then, in 2001, the Kansas Supreme Court censured the Respondent in a published opinion for having violated KRPC 1.1, KRPC 3.1, KRPC 8.4(d), KRPC 8.4(g), and Kan. Sup. Ct. R. 211(b). *In re Polsley*, 275 Kan. 233 [, 61 P.3d 715] (2001).

"Dishonest or Selfish Motive. A conviction of theft of government property necessarily requires that the Respondent engaged in dishonest or selfish conduct. As such, the Hearing Panel concludes that the Respondent's misconduct was motivated by dishonesty or selfishness.

"A Pattern of Misconduct. According to the indictment, the Respondent repeatedly engaged in criminal behavior for a period of time exceeding one year.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1981. At the time the Respondent

engaged in the criminal conduct, the Respondent had been practicing law for a period of nineteen (19) years.

"Illegal Conduct. By converting property belonging to the United States government, the Respondent engaged in illegal conduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct. The Respondent and his wife have made restitution with the United States government.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully and freely acknowledged the wrongful nature of his conduct.

"Imposition of Other Penalties or Sanctions. The Respondent has been sentenced to home detention for three (3) months, perform 100 hours of community service work, and probation for three (3) years.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; . . . or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.' Standard 5.11.

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.2.

'Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.' Standard 8.2.

"In this case, because of the circumstances relating to the nursing care provided by the Respondent and his wife to Mrs. Simpson, the Disciplinary Administrator recommended that the Respondent be suspended from the practice of law for an indefinite period of time. At the hearing on this matter, the Respondent requested that, at some point in the future, that he be allowed to apply for reinstatement. Based upon the arguments of the parties, the findings of fact, the conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be indefinitely suspended from the practice of law in the state of Kansas and subject to the reinstatement procedures provided by Kan. Sup. Ct. R. 219. At the reinstatement hearing, the Hearing Panel recommends

that the Respondent be required to establish that he is psychologically able to handle the rigors of the active practice of law."

The Respondent files no exceptions to the panel's final hearing report. The court, having considered the final hearing report, accepts and adopts the findings of fact, conclusions of law, and recommendation of the panel. Those findings of fact establish by clear and convincing evidence that the Respondent violated KRPC 8.4(b) (2003 Kan. Ct. R. Annot. 464). We conclude that the panel's conclusions of law are supported by its findings.

IT IS THEREFORE ORDERED that the Respondent, David L. Polsley, be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective on the date of this opinion, March 19, 2004, in accordance with Supreme Court Rule 203(a)(2) (2003 Kan. Ct. R. Annot. 226).

IT IS FURTHER ORDERED that the Respondent shall forthwith comply with the provisions of Supreme Court Rule 218 (2003 Kan. Ct. R. Annot. 286).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to the Respondent.